# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

TERRANCE MITCHELL,

          Petitioner,

vs.

WARDEN NEIL TURNER,

          Respondent.

CASE NO. 1:21-CV-01145

DISTRICT JUDGE DAN AARON POLSTER

MAGISTRATE JUDGE AMANDA M. KNAPP

**REPORT AND RECOMMENDATION**

Petitioner Terrance Mitchell filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus on May 29, 2021, asserting six grounds for relief.[1]  (Doc 1 ("Petition").)  Respondent filed a Return of Writ (ECF Doc. 6) and Petitioner filed a reply ("Traverse") (ECF Doc. 7). Pending before the Court is Mr. Mitchell's Motion to Advance a Hearing on Writ of Habeas Corpus.  (ECF Doc. 8 ("Motion to Advance Writ").)

For the reasons explained herein, the undersigned recommends that the Court: (1) **DENY** Petitioner's Motion to Advance Writ (ECF Doc. 8); (2) order supplemental briefing as to Grounds Five and Six; and (3) reassign the case pursuant to Local Civil Rule 3.1(b)(4).

### I.      Motion to Advance Writ and Supplemental Briefing

Petitioner has filed a Motion to Advance Writ.  (ECF Doc. 8.)  Having reviewed the record in this matter, the undersigned concludes that that the Petition is not ripe for decision. Petitioner has raised six grounds for relief.  (ECF Doc. 1, pp. 5-11, 16-18.)  Respondent's Return

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack,* 487 U.S. 266, 273 (1988)).  Mr. Mitchell's Petition was docketed in this Court on June 4, 2021.  (ECF Doc. 1.)

of Writ outlines and addresses only the first four grounds for relief (Grounds One through Four).
(ECF Doc. 6, pp. 9-15; *see also* ECF Doc. 7, p. 10.)[2]  In order to ensure that the Petition is heard
and decided based on briefing as to all six grounds for relief, the undersigned recommends that
the Court (1) **DENY** Petitioner's Motion to Advance Writ and (2) order supplemental briefing as
to Grounds Five and Six based on the following schedule: Respondent shall file a supplement to
the Return of Writ addressing Grounds Five and Six within thirty (30) days; Petitioner may file a
supplement to the Traverse, replying to the supplemental Return of Writ within thirty (30) days.

## II.      Reassignment of Case

The Northern District of Ohio Local Rules provide that: "If an action is filed or removed
to this Court and assigned to a District Judge after which it is . . . dismissed . . ., and
subsequently refiled, it shall be assigned to the same District Judge who received the initial case
assignment without regard for the place of holding court in which the case was refiled."  Local
Rule 3.1(b)(4).  Further, "[w]hen it becomes apparent to the District Judge to whom a case is
assigned that the case was previously filed in this Court and assigned to another District Judge
and was . . . dismissed without prejudice . . ., the two District Judges shall sign an order
reassigning the case to the District Judge who had been assigned the earlier case."  (*Id.*)

As the record in this matter reflects, Mr. Mitchell previously filed a petition for federal
habeas relief under § 2254 in this Court.  (ECF Doc. 1, p. 12; ECF Doc. 1-1.)   That prior case
was assigned to the Honorable United States District Judge Jeffrey J. Helmick, Case NO. 1:20-
cv-00827.  (*Id.*)  Judge Helmick dismissed Mr. Mitchell's Petition without prejudice on
November 16, 2020 because Mr. Mitchell had not fully exhausted his state court remedies.  (*See*
Case No. 1:20-cv-00827, ECF Doc. 5.)

---

[2] The undersigned observes that Grounds Five and Six are set forth in the Petition *after* the signature page (ECF
Doc. 1, pp. 16-18) which may explain Respondent's lack of response to these two grounds for relief.

Given that the present action is a refiling of a case previously dismissed without prejudice, the undersigned recommends that the Court reassign this case to the previously assigned district judge pursuant to the procedures set forth in Local Civil Rule 3.1(b)(4).

### III.    Conclusion and Recommendation

For the reasons explained herein, the undersigned recommends that the Court: (1) **DENY** Petitioner's Motion to Advance Writ (ECF Doc. 8); (2) order supplemental briefing as to Grounds Five and Six; and (3) reassign the case pursuant to Local Civil Rule 3.1(b)(4).


Dated: July 13, 2023


                                   */s/ Amanda M. Knapp*
                                   AMANDA M. KNAPP
                                   UNITED STATES MAGISTRATE JUDGE


### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).